**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| Candace Bunnell, *on behalf of herself and all others similarly situated,* | : <br> : <br> : <br> : Civil Action No.: 3:15-cv-30220 <br> : |
| Plaintiff, | : <br> : |
| v. | : <br> : **CLASS ACTION COMPLAINT** |
| Verde Energy USA, Inc.; and DOES 1-10, inclusive, | : <br> : <br> : |
| Defendants. | : <br> : |

For this Class Action Complaint, Plaintiff Candace Bunnell, by and through undersigned counsel, pleading on her own behalf and on behalf of all others similarly situated, states as follows:

## INTRODUCTION

1. Plaintiff, Candace Bunnell ("Plaintiff"), brings this class action for damages resulting from the illegal actions of Verde Energy USA, Inc., ("Verde" or "Defendant"). Defendant knowingly and/or willfully placed automated calls to Plaintiff's cellular phone in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA").

2. The TCPA outlaws calling consumers with automated technology without their "prior express consent." 47 U.S.C. § 227(b)(1)(A). Such consent cannot be 'implied' or 'presumed' through the provision of a telephone number by some third party. Rather, prior *express* consent is that received directly from the "current subscriber" or "customary user" of the phone number. *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, Declaratory Ruling and Order, CG Docket No. 02-278, FCC 15-72, at ¶ 72 (July 10, 2015) ("2015 FCC Ruling").

3. Verde is in the business of energy speculation and energy sales. To that end it aggressively acquires energy rights and aggressively markets energy sales to consumers. As part

of its marketing, it calls consumers, like the Plaintiff, with automated technology and prerecorded messages without the called party's prior express consent.

## JURISDICTION

4. This action arises out of Defendants' repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. (the "TCPA").

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

6. The Plaintiff, Candace Bunnell ("Plaintiff"), is an adult individual residing in Pittsfield, Massachusetts, and is a "person" as the term is defined by 47 U.S.C. § 153(39).

7. Defendants Verde Energy USA, Inc. ("Verde"), is a Connecticut business entity with an address of 101 Merritt Seven Corporate Park, Second Floor, Norwalk, Connecticut 06851, and is a "person" as the term is defined by 47 U.S.C. § 153(39).

8. Does 1-10 (the "Agents") are individual agents employed by Verde and whose identities are currently unknown to the Plaintiff. One or more of the Agents may be joined as parties once their identities are disclosed through discovery.

9. Verde at all times acted by and through one or more of the Agents.

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991

10. The TCPA regulates, among other things, the use of automated telephone dialing systems.

11. 47 U.S.C. § 227(a)(1) defines an automatic telephone dialing system ("ATDS") as equipment having the capacity –

12. to store or produce telephone numbers to be called, using a random or sequential number generator; and

13. to dial such numbers.

14. Specifically, 47 U.S.C. § 227(1)(A)(iii) prohibits any call using an ATDS or an artificial or prerecorded voice to a cellular phone without prior express consent by the person being called, unless the call is for emergency purposes.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

15. Plaintiff is not a customer of Verde.

16. Plaintiff has not sought Verde's services online or otherwise.

17. On or around September of 2015, Verde began calling Plaintiff's cellular telephone, number 413-xxx-4923.

18. Verde called Plaintiff from telephone number 978-253-4077.

19. At all times mentioned herein, Verde contacted Plaintiff using an automated telephone dialer system ("ATDS" or "predictive dialer") and/or by using an artificial or prerecorded voice.

20. When Plaintiff answered calls from Verde, she heard a prerecorded message instructing Plaintiff to hold for the next available operator.

21. Plaintiff did not provide her cellular telephone number to Verde and does not know how they obtained it.

22. Verde placed approximately 90 calls to Plaintiff's cellular telephone with ATDS and without Plaintiff's prior express consent.

## CLASS ACTION ALLEGATIONS

### A. *The Class*

23. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of himself and all others similarly situated.

24. Plaintiff represents, and is a member of the following class:

**All persons within the United States to whom Defendant or its agent/s and/or employee/s made telephone calls using an ATDS or prerecorded or artificial messages and (1) such call was to a cellular telephone number and (2) such person did not provide prior express consent to receive such a call. The class period encompasses the four year period preceding the filing of this complaint.**

25. Defendants and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number in the several thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

26. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class, and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to modify or expand the Class definitions to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

### B. *Numerosity*

27. Upon information and belief, Defendant has placed prerecorded or artificial calls with ATDS to cellular telephone numbers belonging to thousands of consumers throughout the United States without their prior express consent. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

28. The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's call records.

### C. *Common Questions of Law and Fact*

29. There are questions of law and fact common to the Class that predominate over any questions affecting only individual Class members. These questions include:

   a. Whether Defendant made non-emergency calls to Plaintiff and Class members' cellular telephones using an artificial or prerecorded voice;

   b. Whether Defendant made non-emergency calls to Plaintiff and the Class members' cellular telephones using an ATDS;

   c. Whether Defendant can meet its burden of showing it obtained prior express consent to make each call;

   d. Whether Defendant's conduct was knowing and/or willful;

   e. Whether Defendant is liable for damages, and the amount of such damages; and

   f. Whether Defendant should be enjoined from such conduct in the future.

30. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely places unauthorized automated calls to telephone numbers assigned to cellular telephone services is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

### D. *Typicality*

31. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

### E. *Protecting the Interests of the Class Members*

32.     Plaintiff will fairly and adequately protect the interests of the Class and has retained counsel experienced in handling class actions and claims involving unlawful business practices.  Neither Plaintiff nor his counsel has any interests which might cause them not to vigorously pursue this action.

### F. *Proceeding Via Class Action is Superior and Advisable*

33.     A class action is the superior method for the fair and efficient adjudication of this controversy.  The interest of Class members in individually controlling the prosecutions of separate claims against Defendant is small because it is not economically feasible for Class members to bring individual actions.

34.     Management of this class action is unlikely to present any difficulties.  Several courts have certified classes in TCPA actions.  These cases include, but are not limited to: *Mitchem v. Ill. Collection Serv.*, 271 F.R.D. 617 (N.D. Ill. 2011); *Sadowski v. Med1 Online, LLC*, 2008 WL 2224892 (N.D. Ill., May 27, 2008); *CE Design Ltd. V. Cy's Crabhouse North, Inc.*, 259 F.R.D. 135 (N.D. Ill. 2009); *Lo v. Oxnard European Motors, LLC*, 2012 WL 1932283 (S.D. Cal., May 29, 2012).

## COUNT I
## Violations of the Telephone Consumer Protection Act,
## 47 U.S.C. § 227, *et seq.*

35.     Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

36.     Defendant placed multiple prerecorded or artificial calls to cellular numbers belonging to Plaintiff and the other members of the Class without their prior express consent.

37. Each of the aforementioned calls by Defendant constitutes a negligent violation of the TCPA.

38. Plaintiff and the Class are entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

39. Additionally, Plaintiff and the Class are entitled to and seek injunctive relief prohibiting such conduct by Defendant in the future.

40. Plaintiff and Class members are also entitled to and do seek a declaration that:

- Defendant violated the TCPA;

- Defendant used prerecorded voices and/or artificial voices; and

- Defendant placed calls to the Plaintiff and the Class without prior express consent.

## COUNT II
### Knowing and/or Willful Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*

41. Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

42. Defendant knowingly and/or willfully placed multiple prerecorded or artificial calls to cellular numbers belonging to Plaintiff and the other members of the Class without their prior express consent.

43. Each of the aforementioned calls by Defendant constitutes a knowing and/or willful violation of the TCPA.

44. As a result of Defendant's knowing and/or willful violations of the TCPA, Plaintiff and the Class are entitled to an award of treble damages up to $1,500.00 for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

45. Additionally, Plaintiff and the Class are entitled to and seek injunctive relief prohibiting such conduct by Defendant in the future.

46. Plaintiff and Class members are also entitled to and do seek a declaration that:

- Defendant knowingly and/or willfully violated the TCPA;

- Defendant knowingly and/or willfully used prerecorded voices and/or artificial voices on calls to Plaintiff and the Class;

- Defendant knowingly and/or willfully obtained the cell phone numbers of Plaintiff and the Class from third parties;

- Defendant willfully placed automated calls to the Plaintiff and the Class at the numbers received from those third parties, knowing it did not have prior express consent to do so; and

- It is Defendant's practice and history to place automated telephone calls to consumers without their prior express consent.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that the Court grant Plaintiff and the Class the following relief against Defendant as follows:

1. Injunctive relief prohibiting such violations of the TCPA by Defendant in the future;
2. Declaratory relief as prayed for herein;
3. Statutory damages of $500.00 for each and every call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B);
4. Treble damages of up to $1,500.00 for each and every call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(C);
5. An award of attorneys' fees and costs to counsel for Plaintiff and the Class; and
6. Such other relief as the Court deems just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: December 20, 2015

        Respectfully submitted,

        By   */s/ Sergei Lemberg*

        Sergei Lemberg (BBO# 650671)
        LEMBERG LAW, L.L.C.
        43 Danbury Road
        Wilton, CT 06897
        Telephone: (203) 653-2250
        Facsimile:  (203) 653-3424
        Attorneys for Plaintiff